Filed 5/16/23  In re H.P. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re H.P., a Person Coming Under the Juvenile Court Law. | B323542 |
| _____ | (Los Angeles County |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Super. Ct. No. 19CCJP05986A) |
| Plaintiff and Respondent, | |
| v. | |
| B.P., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Pete R. Navarro, Judge Pro Tempore.  Conditionally reversed and remanded with directions.

Elizabeth Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

Nancy Sarinana for the Minor.

_____

B.P. (Father) appeals from a juvenile court order terminating parental rights over H.P. (Minor) pursuant to Welfare and Institutions Code section 366.26.  Father contends the juvenile court erred when it found the Los Angeles County Department of Children and Family Services (DCFS) satisfied its obligations under the Indian Child Welfare Act (ICWA) and related California law.  Father, DCFS, and Minor have stipulated to a conditional reversal and remand to the juvenile court to permit compliance with ICWA and related California law.  We accept the parties' stipulation.

Our ability to accept a stipulated reversal and remand in the dependency context is discussed in *In re Rashad H.* (2000) 78 Cal.App.4th 376.  The present case involves reversible error because the parties agree, and we concur, there was noncompliance with federal ICWA regulations and related California law.  Specifically, the record indicates the juvenile court did not ask Father at his first court appearance whether he had reason to know Minor was an Indian child.  (25 C.F.R. § 23.107(a) [state courts must ask "each participant" in child custody proceedings whether they know or have reason to know that the child is an Indian child]; Welf. & Inst. Code, § 224.2, subd. (c) ["At the first appearance in court of each party, the court shall ask each participant present in the hearing

2

whether the participant knows or has reason to know that the child is an Indian child"].)  In addition, there is equivocal evidence in the appellate record as to whether Father possibly has Indian ancestry, and it appears DCFS undertook no investigation of whether H.P.'s mother has any Indian ancestry.

Because this case would be subject to reversal to permit compliance with ICWA-related law absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8).  That is to say, we find the interests of non-parties and the public are not adversely affected by our acceptance of the stipulation and the remand will not erode public trust or reduce the incentive for pretrial settlement.  (See *In re Rashad H.*, *supra*, 78 Cal.App.4th at 379-382; *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329-1330.)

## DISPOSITION

The order terminating parental rights is conditionally reversed and the cause is remanded solely for further proceedings required by this opinion.  The juvenile court is directed to reappoint counsel for Father and to notice a hearing for the purpose of questioning Father, if he appears, about whether he has reason to know H.P. is an Indian child.  In addition, the juvenile court shall direct DCFS to ask available maternal relatives of which DCFS is aware about whether there is reason to know Minor is an Indian child, and to thereafter submit a report to the court documenting the relatives' responses.  Nothing in our disposition precludes the juvenile court from ordering additional inquiry of extended family members or others having an interest in Minor if the court deems it advisable.

3

If the aforementioned inquiry results in information indicating there is reason to know Minor is an Indian child, the juvenile court shall proceed in accordance with ICWA and related California law.  If the aforementioned inquiry does not result in information indicating there is reason to know Minor is an Indian child, the court's order terminating parental rights shall be reinstated.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

4